IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                 No. CR 07-1962 JB

ROXANNE MARTINEZ,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on: (i) the Letter from Roxanne Martinez to the Court, dated February 25, 2008, received February 25, 2008, sent to docketing on March 18, 2008, and filed February 25, 2008 (Doc. 38); and (ii) Motion Requesting a Hearing to Determine Counsel, filed March 17, 2008 (Doc. 37). The Court held a hearing on March 24, 2008. The primary issue is whether the Court should appoint Defendant Roxanne Martinez a new counsel. Because Martinez' request for new counsel is largely unopposed, the Court will grant Martinez' request to be appointed new counsel.

**PROCEDURAL BACKGROUND**

On February 25, 2008, Martinez wrote the Court:

> I am writing this letter to request a new attorney be appointed on my behalf. I have several reasons for this request. The main reason is he lives in Santa Fe, and it's very difficult for me to travel that far for appointments. I have a 6 year old daughter, who is in school, and it is hard to find a babysitter. The occassions [sic] he is in town, we have very little time to meet and discu[s]s my case. My very first arraignment I was not notified about it. The only way I found out was because I made a phone call to his office the day before to see what was going on with my case, that's when he said "oh ya we have court in the morning." If not for me calling I would not have showed up, and I would have been in violation. I have called him several times, and he didn't even know who I was. He called me by a different name

> several times, and I even had to explain who I was and refresh his memory about my case.  A couple of weeks ago he had a meeting with the U.S. Attorney and my fianc[é's] attorney.  After the meeting he was explaining part of my plea offer and said it was only good if my fianc[é] accepted his.  I asked him what was his plea and he replied, "I don't know.  I wasn't paying attention I was only there because Joeseph['s] attorney wanted me there."  In closing, your honor, I feel that Jeffrey Jones is not representing me to the best of his ability.  I have little confidence in placing my life in his hands.  I know I made mistakes and I am very sorry for the decisions I made, and I know this is a lot to ask, but I would like the opportunity to be repre[s]ented fairly.  I would like to thank you for taking time from your busy schedule, and I will respect whatever decision you make.
>
> Respectfully submitted,
> (signature)
> Roxanne Martinez

Letter from Roxanne Martinez to the Court, dated February 25, 2008, received February 25, 2008, sent to docketing on March 18, 2008, and filed February 25, 2008 (Doc. 38)("Martinez' February 25, 2008 Letter").

On March 17, 2008, P. Jeffrey Jones, on Martinez' behalf, filed a motion requesting a hearing to determine counsel.  See Doc. 37.  Mr. Jones moved for an expedited hearing to determine counsel.  See id. at 1.  Mr. Jones represented that Martinez informed him that she no longer wanted him to be her lawyer.  See id. ¶ 1, at 1.  Martinez told Mr. Jones that she had filed a motion with the Court to the effect that she wanted another lawyer.  See id. ¶ 2, at 1.

Mr. Jones looked online to determine whether the Court had set a hearing on Martinez' letter motion.  See id. ¶ 3, at 1.  Seeing that the Court had not set a hearing, Mr. Jones called the Court's chambers to verify that the Court had received the motion which Martinez stated that she had given to the Court.  See id. ¶ 4, at 1.  Mr. Jones did not talk to the Court's Courtroom Deputy Clerk, K'Aun Sanchez, but left her a message.  See id. ¶ 5, at 2.

Out of due caution, and after conversing with Assistant United States Attorney Damon Martinez, Mr. Jones decided to file his motion.  See id. ¶ 6, at 2.  Mr. Jones moves the Court for an

expedited hearing to determine counsel, but represented that he will be out of town on March 20, 21, 25, and 26, 2008. See id. ¶ 7, at 2. On March 20, 2008, the Court sent out a notice of hearing on Martinez' letter and on Mr. Jones' motion, setting a hearing for March 24, 2008. See Doc. 39.

At the March 24, 2008 hearing, the United States indicated that it did not oppose Martinez' request to be appointed new counsel. See Transcript of Hearing (taken March 24, 2008) ("Tr.") at 2:15-18 (Martinez).[1] Mr. Jones declined to address Martinez' individual allegations in her February 25, 2008 Letter. See id. at 3:7-9 (Jones). Mr. Jones did not, however, oppose her request and left the issue up to the Court. See id. at 3:5-6 (Jones).

Martinez is one of the few defendants in this jurisdiction who is not in pre-trial custody. The Court is concerned that she has to travel to Santa Fe to meet with her counsel for a case here in Albuquerque. On the record before it, the Court believes that a change of counsel is appropriate.

**IT IS ORDERED** that the Motion Requesting a Hearing to Determine Counsel is granted. The request for a new counsel in the Defendant's February 25, 2008 letter to the Court is granted. The Clerk of the Court shall appoint new counsel for Martinez and that attorney's primary office should be located in Albuquerque.

_____
UNITED STATES DISTRICT JUDGE

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

*Counsel:*

Damon P. Martinez
  Assistant United States Attorney
Albuquerque, New Mexico

    *Attorney for the Plaintiff*

P. Jeffrey Jones
Santa Fe, New Mexico

    *Attorney for Defendant Roxanne Martinez*